NO. 07-00-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2001

______________________________

BENJAMIN ROBERT MOTION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 248
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 830166; HONORABLE JOAN CAMPBELL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting three issues which he asserts require reversal, appellant Benjamin Robert Motion challenges his conviction, upon his guilty plea, of robbery.  Among other probationary conditions, he was granted three years deferred adjudication, assessed a fine of $1,000, and ordered to attend “boot camp.”  On appeal, appellant asserts three issues which implicate:  (1) the court’s compliance with article 42.12, section 8(a)(2) of the Code of Criminal Procedure; (2) appellant’s right to effective assistance of counsel; and (3) the voluntariness of his plea.  Because we lack jurisdiction to consider appellant’s issues, his appeal is dismissed.

Rule 25.2(b)(3) specifies the requirements for appealing a conviction arising from a guilty plea.  If the punishment did not exceed that recommended by the prosecutor and agreed to by the defendant, the notice of appeal must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion ruled on before trial; or

(C) state that the trial court gave permission to appeal.

Tex. R. App. P. 25.2(b)(3).  While we recognize appellant’s contention that the trial court did not comply with the plea agreement that he and his trial counsel had bargained for, his argument is not well taken.  In direct contravention of this claim, a document entitled “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession” provides:

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at [handwritten] 
3
 years deferred S J / boot camp/$1000 letter of apology, 360 hours C S, prison for a day and I agree to that recommendation.  I waive any further time to prepare for trial to which I or my attorney may be entitled.  Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain between myself and the prosecutor.

Appellant’s signature appears immediately below the above provision.  The record clearly demonstrates that appellant, his attorney, and the prosecutor agreed to the above recommendation, and the trial judge followed their agreement.  The “Order Deferring Adjudication of Guilt” and the “Conditions of Community Supervision” reflect that appellant was sentenced to three years deferred adjudication, along with the conditions set out in the waiver form.  Because of this, appellant must comply with the provisions of Rule 25.2(b)(3).

Parenthetically, we point out the recent opinion from the Texas Court of Criminal Appeals in 
Cooper v.
 
State
, Slip Op. No. 1100-99 (Tex.Crim.App. April 4, 2001), which prevents us from entertaining appellant’s third issue, the allegation that his plea was involuntary.  The court held in 
Cooper
 that such an issue cannot be reviewed when an appellant pleads guilty and the trial court abides by the plea agreement.  
Id
.  

Appellant filed a general notice of appeal which contains none of the aforementioned requisites of Rule 25.2(b)(3).  As such, his notice did not vest this court with jurisdiction.  
See Vidaurri v. State
, Slip Op. No. 151-99 (Tex.Crim.App. June 20, 2001).  For these reasons, appellant’s appeal must be, and is hereby, dismissed.  

John T. Boyd

 Chief Justice

Do not publish.